## VALENTINE, In Re.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9066. Decided July 21, 1928.

(Cushing, J., of the 1st Dist., Lemert, J., of the 5th Dist., and Middleton, J., of the 4th Dist., sitting.)

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**DECEDENTS' ESTATES.**

(220 A5) Probate Court has jurisdiction to allow reasonable attorney fees for services rendered in behalf of creditor of estate in prosecuting action against executor of such estate for concealing, embezzling and conveying away assets, and for prosecuting exceptions to inventory of such executor.

Error to Common Pleas.

Judgment affirmed.

J. Roger Jewett, Cleveland, for Plaintiff in error.

Gordon & Gordon, Cleveland, for Defendant in error.

STATEMENT OF FACTS.

The record in this proceeding shows that the defendant in error duly presented to the Probate Court of this county for allowance a claim for the reasonable value of his services rendered in behalf of a creditor of the estate of F. W. Valentine, deceased, in prosecuting an action in said court against the executor of said estate for concealing, embezzling and conveying away assets of said estate and for prosecuting exceptions to the inventory of said executor. It further appears that as a result of the services so rendered and the proceedings so instituted the executor of said estate was charged in his account by the Probate Court with the sum of $6069.35 in addition to what he had reported in his inventory, and that there-

upon said court removed said executor from office in pursuance of the provisions of Section 10673, GC.

The Probate Court upon consideration of the claim of the defendant in error for his services so rendered as the attorney of a creditor of the estate rejected said claim in its entirety. It is said in argument in this proceeding that this action of the Probate Court was predicated on the theory that said court was without jurisdiction to make an allowance to the defendant in error under the circumstances named. After the claim was rejected the defendant in error took an appeal to the Court of Common Pleas which court allowed the defendant in error as attorney fees the sum of $875.00, and this proceeding is prosecuted here to reverse that allowance and judgment of the Court of Common Pleas.

MIDDLETON, J.

It appears that there is no objection made to the amount so allowed as being unreasonable, the sole contention of the plaintiff in error is that both the Probate Court and the Court of Common Pleas were without the authority or jurisdiction to make any allowance under the facts named for the services so rendered by the defendant in error.

We are of the opinion that the Probate Court had jurisdiction to allow a reasonable attorney fee to the defendant in error. Trumpter, Admr. et al v. Broyer, et al, 95 OS. 194; Estate of Mary A. Oskamp, decedent, 1 O.N.P. (n.s) 197. It necessarily follows that on appeal the funds of the estate were brought into the Common Pleas Court and that Court had like jurisdiction.

The judgment is affirmed.

(Cushing, J., and Lemert, J., concur.)